McWILLIAMS *v.* NEAL *et al.*

1. Persons who hold a State office, except justices of the peace and officers of the militia, are ineligible to membership in the General Assembly of this State.

2. But if one, by reason of holding one of the offices not within the above exception, mentioned in paragraph 7 of section 4, article 3 of the constitution of this State, at the time of his election as a member of the General Assembly, is rendered ineligible to membership in that body, the fact of his ineligibility would not work an ouster from the first office, but would only affect his right to take a seat as a member of the General Assembly.

3. The judgment ousting the respondent from the office held at the time of his election to the General Assembly must be reversed.

Argued January 6,—Decided May 19, 1908.

Quo warranto. Before Judge Reagan. Henry superior court. November 27, 1907.

H. B. Neal and others, relators, made application to the judge of the superior court of Henry county for leave to file an information in the nature of a quo warranto against McWilliams, the respondent, praying that an order be granted ousting the respondent from the office of member of the board of education of Henry county, and that said office be declared vacant. The information, as prayed in the application, was ordered filed, and the relators entered their petition, which alleges the following: that said respondent is acting in the capacity and discharging the duties of a member of the board of education of Henry county, having been elected, and commissioned by the Governor, as member of said board of education; that subsequently respondent was duly elected

and qualified as member of the legislature from said county, and is now a member of said body; and that "when respondent was elected as representative to the legislature of said State, and accepted same and qualified as such, and entered·upon the discharge of the duties of said office, the office of member of the board of education of said county, which respondent was then holding, became thereby vacant, and he was no longer entitled to act as a member of said board, said office having compensation annexed thereto." The respondent demurred to the application, upon the ground that no cause for the issuance of the writ of quo warranto is therein shown, and further, that it is not shown to have been illegal to hold both the above-mentioned offices at the same time. This demurrer was overruled. The respondent, in his answer, after admitting the other allegations in the relators' petition, denies that he is discharging the duties of a member of said board of education illegally. Judgment was rendered against the respondent, and he excepted.

*Arnold & Arnold* and *J. B. Ridley,* for plaintiff in error.

*W. A. Brown,* contra.

BECK, J. (After stating the facts.) Under the views which we entertain upon the controlling question in this case, it is unnecessary for us to decide whether the office from which the respondent in the quo warranto proceedings was ousted was a State or county office. Counsel for the defendants in error insist that at the time of McWilliams' election to the legislature he was a public officer of the State, and that such an office was incompatible, under the constitution and the laws of this State, with membership in the General Assembly. Without determining whether he was an officer of the State as here contended, but conceding that he was a State officer in the sense in which that term is employed in the briefs of counsel for both parties, we are clear that the conclusion reached by the judge below did not follow; for the fact of his being such an officer would have rendered him ineligible to membership in the General Assembly. Paragraph 7 of section 4, article 3 of the constitution of this State (Civil Code, §5754) is as follows: "No person holding a military commission, or other appointment or office having any emolument or compensation annexed thereto, under this State, or the United States, or either of them, except justices of the peace and officers of the militia, nor

any defaulter for public money or for any legal taxes required of him, shall have a seat in either house." The paragraph of the constitution from which the above is taken relates to the eligibility of members of the General Assembly. It does not merely render membership in that body incompatible and inconsistent with the holding of any - of the other offices mentioned, and not falling within the exception contained in the paragraph quoted, nor is it a mere provision against the holding of two offices at the same time; but it is, in effect, a provision that a person holding one of the other offices referred to in that paragraph shall be ineligible to membership in either house of the General Assembly; and that being the case, the effect upon the person holding at the time of his election to the General Assembly another State office is quite different from what it would have been had the provision merely been against the holding of both offices; for in the latter case the effect would have been to oust the person elected to the General Assembly, and taking his seat by virtue of such election, from the office previously held. But where ineligibility to the second office results from the holding of a prior office, then the result is that the election to the second office is void and his right to hold the other remains unaffected. "It is frequently declared that persons holding one office shall be ineligible to election to another, either generally or of a certain kind. These provisions being held to incapacitate the incumbent of the first office to *election* to the second, it follows that any attempted election to the second is void, and that if, by color of it, he attempts to hold the second office, he will be removed from it. It is thus the second office which is vacated instead of the first. . . Where, however, it is the *holding* of two offices at the same time which is forbidden by the constitution or the statutes, a statutory incompatibility is created, similar in its effect to that of the common law, and, as in the case of the latter, it is well settled that the acceptance of a second office of the kind prohibited operates ipso facto to absolutely vacate the first." Mechem's Pub. Offices, §§428-9. "It is an unquestioned rule that an officer vacates his office by the acceptance of another place in the public service, the functions and duties of which are incompatible with those incident to the office first held; and this even though the second office is of an inferior grade. But the rule does not apply, of course, when the officer is made ineligible to

hold the second office." 23 Amer. & Eng. Enc. Law, 427. In the case of State *v.* Kearns, 47 Ohio State R. 566 (25 N. E. 1027), it was said, "By section 1717, Revised Statutes, neither Tibbetts nor Thomas, while a member of council, was eligible to the office to which he had been thus appointed. Not being eligible, he could not become such officer, and his attempted appointment was a nullity. It could not, therefore, in law have any effect whatever upon the office which he did hold." See also the case of Shelby *v.* Alcorn, 72 Am. Dec. 169, and cases cited in the note thereto. From the foregoing it will be seen that if the plaintiff in error was an officer of the State, as contended by counsel for defendant in error, he was ineligible to membership in the General Assembly, but that this ineligibility to another office while holding the office of member of the county board of education did not have the effect to oust him from the first office, and the judgment of ouster was erroneous and must be      *Reversed.  All the Justices concur.*