*I. L. Oakes* and *E. O. Dobbs,* contra.

---

## SMITH *et al.* v. LESTER.

Under the provisions of the Civil Code, § 4284, declaring that "It shall be illegal for the judge of any city court in this State to also hold any municipal office or appointment in the city where such court is held," the judge of such city court is ineligible to hold and can not make a valid acceptance of any municipal office or appointment referred to in such section; and an information in the nature of a quo warranto, alleging that the judge of a city court accepted and holds such municipal office or appointment, and praying that the office of judge of the city court be declared vacant and to oust the incumbent thereof, was properly dismissed on general demurrer.

Argued February 9,—Decided April 19, 1909.

Quo warranto. Before Judge Reagan. Pike superior court. December 5, 1908.

*A. A. Murphey* and *Rollin H. Kimball,* for plaintiffs.

*O. H. B. Bloodworth, J. F. Redding,* and *C. J. Lester,* contra.

HOLDEN, J. James M. Smith and others, relators, made application to the judge of the superior court of Pike county, for leave to file an information in the nature of a quo warranto, in order that they might inquire into the right of the respondent to hold the office of judge of the city court of Barnesville. The information, which was ordered filed, contained the following material allega-

tions: Prior to the filing of the information the respondent was commissioned as judge of the city court of Barnesville, and has since been acting as such judge. Prior to the filing of the application he was elected city attorney of Barnesville by the mayor and council of that municipality, which position he accepted and has since been exercising the duties thereof. The office of judge of the city court of Barnesville was vacated by respondent when he accepted the office of city attorney. Respondent is paid a regular salary as city attorney, and is required to represent the city in all litigation. Copies of ordinances of the mayor and council were attached to the application, wherein the appointment and duties of respondent as city attorney are shown, and also the fact that he received a monthly salary as such. Relators prayed that respondent show cause why he should not be ousted from the office of judge of the city court and such office declared vacant. The respondent demurred to the application, on the ground that there was no cause of action set forth in the same, and that it showed on its face that the relators were not entitled to maintain said cause, or to the relief sought therein. To an order sustaining the demurrer and dismissing the application the relators excepted.

The relators contend that the office of judge of the city court of Barnesville was vacated by the respondent when he accepted the office of city attorney of Barnesville, for the reason that the duties of the two offices are incompatible in fact, as well as rendered incompatible by the provisions of the Civil Code, § 4284. That section is as follows: "It shall be illegal for the judge of any city court in this State to also hold any municipal office or appointment in the city where such court is held." If this section has application to city courts of the character of that existing in the City of Barnesville, and if the position of city attorney of Barnesville is an appointment of the kind referred to in the section above quoted, did the acceptance of such appointment by the respondent vacate, or render subject to vacation, the other office which the respondent held as judge of the city court of Barnesville? In Throop on Public Officers, § 30, it is said: "At common law, there is no limit to the number of offices which may be held simultaneously by the same person, provided that neither of them is incompatible with any other. . . If two offices are incompatible, by the acceptance of the latter the first is relinquished or vacant, even though it

should be a superior office." While this is the common-law rule, we do not think it has any application in this case in the presence of the code section above quoted. Under the provisions of this section it is made illegal for the judge of any city court to also hold any municipal office or appointment in the city where any such court is held. The meaning of this section is, that, after a person becomes judge of the city court, he can not, while holding such office, *legally* accept or hold any municipal office or appointment therein referred to. The effect of making it illegal for the person holding the office of judge to accept and hold such municipal office or appointment is to make him ineligible for such office or appointment while holding the office of judge. The provisions of this section are not the same as providing that one person shall not at the same time hold the office of judge and a municipal appointment; but these provisions mean that after a person becomes judge of a city court, it shall be *illegal* for him, while holding such office, to accept or hold any municipal office or appointment referred to in the section. The common-law rule was that a person could not hold two incompatible offices; and while holding one, the acceptance of another was an implied resignation of the former. In such cases the person has the right to resign the office which he holds, and has the right to accept the other office; but in this case, under the Civil Code, § 4284, the judge of the city court has no right to accept a municipal office or appointment in the city where such court is held, and his pretended acceptance and holding of such municipal office or appointment is illegal and without authority of law. Having no right to accept and hold such municipal office or appointment, such pretended acceptance and holding of such office or appointment no more vacates the office of judge of the city court than would the performance of any other illegal act which does not, by provision of law, vacate the office. In Throop on Public Officers, § 32, it is said: "An exception also occurs where the second office is conferred by an appointment in violation of statute. Thus where a statute rendered the members of a city council ineligible to certain offices, it was held that the appointment by the council of one of its members to such an office, and his acceptance thereof, did not effect an abandonment or forfeiture of the office of councilman, because the appointment was absolutely void." In this connection, see *McWilliams* v. *Neal,* 130 *Ga.* 733 (61 S. E.

721), and authorities there cited. The effect of making it illegal for the judge of the city court, while holding such office, to hold any municipal office or appointment is to render him ineligible to hold the latter; and the effect of his pretended holding, or undertaking to hold, the municipal office or appointment does not operate to vacate the office of judge. The court committed no error in sustaining the demurrer; and the judgment is

*Affirmed. All the Justices concur.*