CASEY *et al. v.* McELREATH.

No. 9274.   MAY 10, 1933.

*Cowart & Jackson,* for plaintiffs.

*Conyers & Gowen,* for defendants.

BECK, P. J.   Mrs. Julia C. Casey and others filed an application for leave to file an information in the nature of a quo warranto against Emmett McElreath.   The court granted the application, and ordered a hearing upon a day fixed.   After the hearing, there being no issue of material facts, the judge rendered a judgment denying the prayers of the petition, and the petitioners excepted.

■   The ruling stated in the first headnote needs no elaboration.

■   McElreath was elected trustee of the Kingsland Consolidated School District, and petitioners seek to oust him from that office. He was, at the time of his election and on being inducted into the office referred to, a member of the county board of education; and it is insisted by petitioners that he was ineligible to the office from which they are seeking to oust him, because of the fact that he was a member of the county board of education.   It is also insisted that there is such an incompatibility between the duties of the two offices that one who is a member of the county board could not hold the office of trustee of the local school district.

The court did not err in rendering a judgment which was in effect a refusal to remove the respondent from the position of trustee of the local school district.   He was not ineligible to election to the latter office.   It is provided in the statute that "All officers are eligible to re-election and reappointment, and to hold other offices.

unless expressly declared to the contrary by the constitution or laws." Civil Code, § 258, par. 8. Our attention has not been called to any statute making a member of the county board of education ineligible to election as a trustee of a local school district. We do not think that he is ineligible under the provisions of § 259; because the office of trustee of a local school district is not a county office, even if it be conceded that membership on the board of education of a county is a county office. But it is insisted that the two offices are incompatible; and in their brief counsel cite certain cases in the light of which they insist that the incompatibility should be tested. The court does not decide whether the two offices are incompatible or not; but does hold that even if there is incompatibility, that would not have the effect of authorizing the court, in quo warranto proceedings, to oust the respondent from the second office; that is, trustee of the consolidated school district; though it would have been otherwise if the respondent had been ineligible to election to that office. In the case of *McWilliams* v. *Neal,* 130 *Ga.* 733 (61 S. E. 721, 14 Ann. Cas. 626), it was held that "where ineligibility to the second office results from the holding of a prior office, then the result is that the election to the second office is void, and his right to hold the other remains unaffected." And following this, in the decision referred to, the following from Mechem's Public Offices, §§ 428-9, is approvingly quoted: "It is frequently declared that persons holding one office shall be ineligible to election to another, either generally or of a certain kind. These provisions being held to incapacitate the incumbent of the first office to *election* to the second, it follows that any attempted election to the second is void, and that if, by color of it, he attempts to hold the second office, he will be removed from it. It is thus the second office which is vacated instead of the first. . . Where, however, it is the *holding* of two offices at the same time which is forbidden by the constitution or the statutes, a statutory incompatibility is created, similar in its effect to that of the common law, and, as in the case of the latter, it is well settled that the acceptance of a second office of the kind prohibited operates ipso facto to absolutely vacate the first." And from 23 Am. & Eng. Enc. Law, 427, the following is quoted: "It is an unquestioned rule that an officer vacates his office by the acceptance of another place in the public service, the functions and duties of which are incompatible with

those incident to the office first held; and this even though the second office is of an inferior grade. But the rule does not apply, of course, when the officer is made ineligible to hold the second office." See also the adjudicated cases in support of the text of the writers referred to. Hence we conclude, that, even if there was an incompatibility of the two offices, the court correctly held that the respondent should not be ousted from the second office. Whether or not his acceptance of that office vacated the first because of incompatibility of the two offices, is not here now for decision.

*Judgment affirmed. All the Justices concur.*