McLENDON *v.* EVERETT, Chairman, etc., *et al.*

No. 16729.   SEPTEMBER 12, 1949.

*Samuel E. Tyson* and *Randall Evans Jr.*, for plaintiff.

*Eugene Cook, Attorney-General, Claude Shaw* and *B. D. Murphy, Deputy Assistant Attorneys-General,* and *J. R. Parham, Assistant Attorney-General,* for defendants.

HEAD, Justice. ■ The Constitution of. 1945, art. 5, sec. 1, par. 11 (Code, Ann., § 2-3011), creating the State Board of Pardons and Paroles as a constitutional board, does not provide for the qualifications of the members of the board. The act of 1943, approved February 5, 1943 (Ga. L. 1943, pp. 185-195), enumerating the powers and duties of the board, does not make any provision for, or reference to, the qualifications of the members of the board at the time of their appointment. The qualifications of members of the board would, therefore, be controlled by the general provisions of our Constitution and statutory law limiting the rights of citizens to hold public office.

The Constitution, art. 2, sec. 2, par. 1 (Code, Ann., § 2-801), art. 2, sec. 4, par. 1 (Code, Ann., § 2-1001), art. 3, sec. 4, par.

6 (Code, Ann., § 2-1606), and art. 7, sec. 3, par. 6 (Code, Ann., § 2-5606), and the Code, §§ 79-301 and 89-101, all provide disqualifications for the holding of public office. It is not alleged that W. E. Wilburn is disqualified to serve as a member of the Board of Pardons and Paroles by reason of any constitutional provision, nor is it alleged that under the general statutory law he was ineligible for appointment. The petitioner relies solely on section 10 of the act of 1943 to support his contention that Wilburn is ineligible to serve as a member of the board.

Section 10 provided in part as follows: "No member of the Board or no full time employee thereof shall, during his service upon or under the Board, engage in any other business or profession or hold any other public office; nor shall he serve as a representative of any political party, or executive committee or other governing body thereof, or as an executive officer or employee of any political committee, organization or association, or be engaged on the behalf of any candidate for public office in the solicitation of votes, or otherwise become a candidate for public office without resigning from the Board."

Section 3 of the act of 1943 provides in part as follows: "The members of the Board shall devote their full time to the duties of their office."

The provisions of sections 3 and 10 of the act of 1943 relate solely to the conduct of the members of the board (and full-time employees) after appointment, and section 10 does not either expressly, or by inference, by any of its terms, purport to deal with the qualifications of a member of such board at the time of his appointment.

In *Patten* v. *Miller,* 190 *Ga.* 123, 139 (8 S. E. 2d, 757), it was held: "Among the rights of citizens, as declared in the Code, are the right to hold office unless disqualified by the constitution and laws, and the right to appeal to the courts. Code, § 79-205. . . So the right of a citizen to hold office is the general rule, ineligibility the exception; and therefore a citizen may not be deprived of this right without proof of some disqualification specifically declared by law."

W. E. Wilburn was duly appointed by the Governor as a member of the State Board of Pardons and Paroles on December 1, 1948 (see Minutes of Executive Department); took the

oath of office as a member of such board on the same date (see Book of Official Oaths, Executive Department) ; received a commission pursuant to his appointment; and his appointment was duly confirmed and ratified by the State Senate on January 13, 1949 (Senate Journal, 1949). He thus became a constitutional (de jure) officer, filling a constitutional office. If he has violated the terms and conditions of the act of 1943, such violation as a member of the board in no wise affected his original appointment by the Governor.

Section 10 of the act of 1943 does not provide any penalty for a violation of its terms. It is not declared that, if a member of the board shall serve as a representative of a political party, or engage in any other business or profession, he shall thereby forfeit his office. The General Assembly might have provided that a member of the Democratic Executive Committee could not be appointed as a member of the State Board of Pardons and Paroles, and might have declared a member of the committee to be ineligible for appointment on the board. This the legislature did not do. They provided that a member of the board should not serve as an executive officer or employee of any political committee.

An officer, member, or employee of a political committee is not a "public officer." *Morris* v. *Peters*, 203 *Ga.* 350 (46 S. E. 2d, 729). If being a member of the State Democratic Executive Committee made Wilburn the holder of an "office" at the time of his appointment as a member of the Board of Pardons and Paroles, he would not thereby forfeit his appointment as a member of such board. In *McWilliams* v. *Neal*, 130 *Ga.* 733, 735 (61 S. E. 721), this court quoted with approval the following rule: "'Where, however, it is the holding of two offices at the same time which is prohibited by the constitution or the statutes, a statutory incompatibility is created, similar in its effect to that of the common law, and, as in the case of the latter, it is well settled that the acceptance of a second office of the kind prohibited operates ipso facto to absolutely vacate the first.' Mechem's Pub. Offices, §§ 428-9." See also 42 Am. Jur., 940, §§ 77, 78; *Long* v. *Rose*, 132 *Ga.* 295 (64 S. E. 84) ; *Smith* v. *Lester*, 132 *Ga.* 519 (64 S. E. 478).

■ "A statutory provision is generally regarded as directory

where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice will result." 50 Am. Jur., 49, § 26.

In the present case it is not alleged that the application of the petitioner for a commutation of sentence was delayed by reason of Wilburn being engaged in the business of farming and banking. On the contrary, the petition shows that the application was filed after the imposition of the death sentence on March 25, 1949; that the hearing was set for April 11; (that a stay of execution was granted by the Governor); and that on April 28, commutation of sentence was denied. Since the Constitution requires that the board must act within 90 days from the filing of the application, it appears that the petitioner's aplication for commutation was considered and acted upon within the time prescribed. It is not alleged that Wilburn voted against commutation of the petitioner's sentence because he was engaged in the business of farming and banking. No delay or prejudice to any right of the petitioner is shown by the allegations of his petition.

The petitioner prayed that Wilburn "be enjoined from continuing to occupy the offices of the State Board of Pardons and Paroles; and from holding himself out as a member thereof; and from doing any act or thing connected with the duties of such officers." It is a well-settled general rule that courts of equity will not exercise their powers to grant injunctions at the instance of one who fails to show that he will be irreparably injured, or other special circumstances requiring the issuance of the writ.

The Constitution, art. 5, sec. 1, par. 11 (Code, Ann., § 2-3011), and the act of 1943 (Ga. L. 1943, p. 185), provide that a person sentenced to the extreme penalty of the law may make application for commutation of his sentence. It is the clear intent of the Constitution and the act that consideration and action upon one application for commutation by the board is all that the prisoner may demand as a matter of right. Whether or not a second application would be considered and acted upon by the board would be a matter for their discretion.

The petitioner in this case was accorded a full and complete hearing by a duly qualified, constitutional board. No right or

privilege granted the petitioner by the Constitution, and the act of 1943, has been denied him by the board, and he does not show (nor can he show) that he will be irreparably injured in the future by any business activities of the defendant Wilburn. The petition failed to state a cause of action for the relief prayed, and the trial court properly sustained the general demurrer.

*Judgment affirmed. All the Justices concur. Atkinson, P. J., concurs in the judgment only.*