TURNER *v.* WILBURN; *et vice versa.*

# 150

*Samuel E. Tyson* and *Randall Evans Jr.,* for plaintiff.

*Eugene Cook, Attorney-General, M. H. Blackshear Jr., Assistant Attorney-General, B. D. Murphy, Deputy Assistant Attorney-General, A. C. Felton III, E. L. Forrester, Sidney L. Moore, J. S. Averill Jr.,* and *Jared J. Bull,* for defendant.

ALMAND, Justice. Joe E. Palmer Sr., as a citizen and taxpayer, filed an information praying that the writ of quo warranto issue against W. Eugene Wilburn, that said Wilburn be required to show cause why he should not be ousted as a member of the State Board of Pardons and Paroles, and that said office as occupied by him be declared vacant. It was alleged that the said Wilburn was not entitled to perform the duties and functions of a member of the State Board of Pardons and Paroles, and had no title to such office as a member, because he was ineligible to become a member of said board on December 1, 1948, and had so conducted himself since said date as to render him ineligible and disqualified, and "to require his resignation" from said board, because prior to December 1, 1948, and at the time of the filing of the information, said Wilburn has been and was (a) a member of the State Democratic Executive Committee of Georgia, (b) engaged in the business of farming, and (c) engaged in the business of banking.

To this information, the respondent filed general and special demurrers. On June 14, 1949, the trial court overruled all of these demurrers. Exceptions pendente lite were filed by the respondent, assigning error on said order. Subsequently the case came on for trial before the court and a jury, and after the introduction of evidence by the plaintiff, the court, on motion of the respondent, entered a judgment of nonsuit. The plaintiff thereupon filed a bill of exceptions, in which error is assigned on an order of the court overruling a motion of the plaintiff to disqualify certain named parties as attorneys for the respondent, and on the order granting the motion for a nonsuit. These assignments of error are before this court on a main bill of exceptions, in case No. 16860.

There is also before the court, as a cross-bill of exceptions, case No. 16861, wherein the respondent assigns error on the overruling of his demurrers to the petition.

(a) On September 12, 1949, subsequent to the date on which the trial judge entered his order overruling the demurrers of the respondent, this court, in *McLendon* v. *Everett*, 205 *Ga.* 713 (55 S. E. 2d, 119), held that W. E. Wilburn, respondent here, at the time of his appointment as a member of the State Board of Pardons and Paroles, was not ineligible for appointment, nor did he, after assuming the duties of the office, forfeit his office, (a) by reason of being a member of the State Democratic Executive Committee of Georgia, or (b) because of being engaged in the business of banking, or (c) because of being engaged in the business of farming. It was there held that neither the provisions of the Constitution of 1945, art. 5, sec. 1, par. 11 (Code, Ann., § 2-3011), creating the State Board of Pardons and Paroles, nor the act providing for the powers and duties of the board (Ga. L. 1943, pp. 185-195, Code, Ann. Supp., §§ 77-501—77-532), make any provision for "or reference to the qualifications of the members of the board at the time of their appointment." It was also held that said act did not provide any penalty for violating sections 3 and 10 thereof, which provided that the members of the board shall devote their full time to the duties of their office, and that no member should engage in any other business or profession, or hold any public office; and that therefore there was no express provision that upon the doing of any one of these acts a member should forfeit his office. This court held that the said Wilburn "was not ineligible for appointment as a member of the State Board of Pardons and Paroles, nor did he forfeit his office, under any allegation of the petition." This decision was concurred in by all the members of the court except one, who concurred in the judgment only.

The ruling there made is controlling here. The only difference between the *McLendon* case and the one at bar, is that in the *McLendon* case the plaintiff sought to enjoin Wilburn from occuping the office of and as a member of the State Board of Pardons and Paroles, and from doing any act or thing connected with the duties of the office, and that it be declared that he was not eligible to hold the office. It was further sought to

enjoin other defendants from recognizing him as a member of said board; the grounds of his alleged ineligibility and disqualification being the same that are asserted in the instant petition. The *McLendon* case was dismissed on general demurrer, and the judgment of dismissal was affirmed by this court. We have re-examined the rulings in that case, and think that they are sound. We adhere to the rulings there made, and deny the motion of the plaintiff to overrule that decision.

(b) In addition to the rulings made in the *McLendon* case, there is another reason, we think, why it was error for the court to overrule the general demurrer. In this case, the plaintiff seeks by quo warranto to oust the respondent from the office he now holds, and to have the same declared vacant. As we have stated, the plaintiff alleged no constitutional or statutory grounds which made the respondent ineligible for appointment as a member of the State Board of Pardons and Paroles, but he seeks to have the court enter an order of ouster of the respondent, by reason of certain acts of the respondent subsequent to his appointment, because such acts amount to a forfeiture of the office. As has been pointed out, there is nothing in the act, defining the powers and duties of members of the State Board of Pardons and Paroles, which provides that the doing of certain acts by a member would operate as a forfeiture of his office. Where one holds a public office, a forfeiture of such office does not follow by reason of doing some particular act forbidden by statute, but must result because of some positive rule of law which declares that the doing of such act shall result in forfeiture. Burkholder *v.* People, 59 Colo. 99 (147 Pac. 347); Meechem's Public Offices and Officers, 308, § 478. This court, in *McDonough* v. *Bacon,* 143 *Ga.* 283 (84 S. E. 588), held that proceedings in the nature of quo warranto were not a proper remedy for official misconduct. In that case, certain persons as citizens and taxpayers sought leave to file an information in the nature of a writ of quo warranto against the defendants, who constituted the Board of Commissioners of Chatham County. It was alleged that the commissioners had forfeited their offices because they had violated certain statutory provisions which prohibited them from doing certain acts; and the application to file the information was refused. This court, on review of such refusal, held that the acts of mal-

practice in office and official misconduct charged against the respondents did not ipso facto work a forfeiture of office, and that quo warranto was not a proper remedy for trying the question of whether or not they had been guilty of the malpractice and official misconduct charged, and for ousting them from office in case their guilt was ascertained. So, in the case at bar, there being no statutory provision that a member of the State Board of Pardons and Paroles should forfeit his office if he engaged in any other business or profession, or held any public office, during his service upon the board, quo warranto is not the proper remedy to determine whether or not there has been an act of forfeiture.

We are of the opinion that the trial judge erred in overruling the general and special demurrers of the respondent. All subsequent proceedings having been nugatory, it becomes unnecessary to pass upon the assignments of error in the main bill of exceptions.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. All the Justices concur.*