## McLENDON *v.* WILBURN *et al.*

WYATT, Justice. Mrs. E. B. McLendon Sr. filed her petition against Eugene Wilburn, seeking to require his resignation as a member of the State Board of Pardons and Paroles, alleging that Wilburn was engaged in the business of farming, and in the business of banking, was a member of the Governor's staff, and was a member of the Executive Committee of the State Democratic Party in Georgia. The trial judge refused to sign the order granting a mandamus nisi. The exception is to this judgment. *Held*:

1. The petition for mandamus is based upon an alleged violation of sec. 10 of Ga. L., 1943, p. 185, 186, which provides in part: "No member of the Board or no full time employee thereof shall, during his service upon or under the Board, engage in any other business or profession or hold any other public office; nor shall he serve as a representative of any political party, or executive committee or other governing body thereof, or as an executive officer or employee of any political committee, organization or association, or be engaged on behalf of any candidate for public office in the solicitation of votes, or otherwise become a candidate for public office without resigning from the Board." The right of the defendant in error to hold this office was before this court in an equity proceeding brought by E. B. McLendon Jr., in *McLendon* v. *Everett*, 205 *Ga.* 713 (55 S. E. 2d, 119). This court there said: "Section 10 of the act of 1943 does not provide any penalty for a violation of its terms. It is not declared that, if a member of the board shall serve as a representative of a political party, or engage in any other business or profession, he shall thereby forfeit his office." The right of the defendant in error to hold the office here questioned was also before this court in a quo warranto proceeding. *Turner* v. *Wilburn*, 206 *Ga.* 149 (56 S. E. 2d, 285). There this court said, "As has been pointed out, there is nothing in the act, defining the powers and duties of members of the State Board of Pardons and Paroles, which provides that the doing of certain acts by a member would operate as a forfeiture of his office." The mandamus proceeding in the instant case seeks to compel Wilburn to resign from his office. This, of course, can not be done, as he has in no way forfeited his office, or his right to hold the same. This court has twice said that he has not forfeited his office, and did not forfeit his right to hold the office, by reason of the identical facts alleged in the instant case.

2. A motion has been filed, denominated as a "motion to strike the names of the Attorney-General and Assistant Attorneys-General from the brief for the defendant in error." The contention is that the State is not

a party to this litigation, and for this reason, the Attorney-General and his Assistants have no right to appear in their official capacity as counsel for the defendant in error. This question is raised for the first time in this court. True it is that the question could not have been raised in the trial court. This court, however, is a court of review, and should not pass upon questions that have not been decided by the trial court unless it is absolutely necessary to do so. Since the judgment of the trial court is being affirmed, nothing could be gained, in so far as the case now before the court is concerned, by ruling on this question. Therefore we do not pass upon the question raised by this motion. It follows from what has been said that the trial court did not commit error in refusing to sign the order granting a mandamus nisi.

*Judgment affirmed. All the Justices concur.*

No. 16995. MARCH 14, 1950.

*Samuel E. Tyson* and *Randall Evans Jr.*, for plaintiff.

*Eugene Cook, Attorney-General, M. H. Blackshear Jr., Assistant Attorney-General,* and *B. D. Murphy,* for defendants.