### ADKINS *et al.* v. BENNETT.

FISH, C. J. 1. In order to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have the particular act performed, the doing of which he seeks to have enforced. Civil Code, § 5440; *State* v. *Georgia Medical Society*, 38 *Ga.* 628 (5) (95 Am. D. 408); *Jackson* v. *Cochran*, 134 *Ga.* 396 (67 ·S. E. 825, 20 Ann. Cas. 219); 26 Cyc. 151.

2. An appeal from a justice's court to the superior court lies in a claim case only when the amount of the execution or the value of the property claimed exceeds the sum of fifty dollars. Acts 1874, p. 85; Civil Code, § 4998; *Napier* v. *Woodall*, 118 *Ga.* 830 (45 S. E. 684), and cases cited.

3. From the principles announced in the foregoing notes it follows that a petition for mandamus was open to general demurrer, where the alleged official duty which it was sought to have performed was the acceptance by a justice of the peace of a pauper affidavit offered by the claimant, after a judgment had been rendered against him by the justice in a claim case, and refused by the justice, the affidavit having been presented in connection with proceedings to appeal the case to the superior court, and where it did not appear from the petition for mandamus that either the amount of the execution or the value of the property claimed amounted to more than fifty dollars.

> *Judgment affirmed. All the Justices concur.*
> APRIL 12, 1912.

Mandamus.    Before Judge Hammond.    Richmond superior court.   August 12, 1911.

*M. C. Barwick* and *W. Inman Curry,* for plaintiffs.

*C. E. Dunbar,* for defendant.