HOLDER *v.* ANDERSON *et al.; et vice versa.*

1. The remedy of mandamus may be invoked to compel the members of the State Highway Board to give recognition to the rights of the chairman thereof, whom the Governor without legal authority has attempted to remove from office.

2. The Governor of this State has no inherent power to remove a public officer, and he can only do so where the power is expressly given or arises by necessary implication under the constitution or the statutes of the State; and where the constitution or statute authorizes appointment by the Governor, without any fixed tenure of office, the appoint-

28

ment is at the will of the Governor and may be revoked at his pleasure; but where the appointment is by the Governor under a statute which provides a fixed term for the office, the Governor has not the power of removal of an officer during the term for which he was appointed.

3. Upon a proper construction, the act approved the 18th day of August, 1919 (Acts 1919, p. 242), as amended by the act approved the 10th day of August, 1921 (Acts 1921, p. 199), provides for the office of chairman of the State Highway Board to be filled by appointment by the Governor, and that the appointees to such office shall have definite and fixed terms of office.

4. There was no merit in the ground of demurrer which complained that the petition failed to allege that the petitioner was a member of the State Highway Board at the time of his alleged appointment as chairman.

5. The ground of special demurrer to paragraph 6 of the petition was without merit.

6. There is no merit in the demurrer to paragraph 7 of the petition.

7. Applying the principles ruled in the preceding divisions, the Governor had no power during the tenure of office of the chairman of the State Highway Board as referred to in the third division, to remove such officer; and this being so, the petition alleged a cause of action, and the court erred in dismissing the petition on general demurrer.

8. The judge did not err in striking the defendants' answer, which purported to allege cause for removal of plaintiff from office.

Nos. 4845, 4855. May 21, 1925.

Petition for mandamus. Before Judge Malcolm D. Jones. Bibb superior court. April 3, 1925.

On or about August 10, 1921, John N. Holder was appointed by Governor Hardwick as chairman of the State Highway Board of the State Highway Department of Georgia for a term commencing January 1, 1922, and continuing to January 1, 1928. The appointment was duly confirmed by the Senate. On August 20, 1921, the Governor issued a commission in pursuance of the appointment, authorizing the appointee to hold the office for the term above stated and until his successor is appointed and qualified, unless the commission "be sooner vacated or annulled in the manner authorized by the constitution and laws of this State." The appointee entered upon the duties of his office, and did not ever resign. On March 11, 1925, Governor Walker issued an order declaring that: "For proper legal cause shown, it is ordered, that the commission of Honorable John N. Holder as Chairman of the State Highway Board be and the same is hereby revoked, and the said position is hereby declared to be vacant." At the time this order was granted there were two other members of the State Highway Board, namely Hon. W. T. Anderson of Bibb County and

Hon. Stanley S. Bennet of Brooks County. On March 14, 1925, the two members last mentioned held a meeting of the board without any notice to the chairman, and in his absence undertook to transact business of the State Highway Department, and from thence refused to recognize the authority of Holder as chairman and assumed exclusive control of the affairs of the department, and denied Holder all right to participate in the meetings of the board. On March 20, 1925, Holder as chairman instituted mandamus proceedings against the other two above-named members of the board. The petition alleged substantially all that is stated above, and in paragraph six alleged that the executive order of the Governor purporting to revoke petitioner's commission "is null, void, of no legal effect, and without any legal authority whatsoever;" and in paragraph seven alleged that as a "conclusion of law from the foregoing" petitioner "is the chairman of said State Highway Department of the State of Georgia." The prayers were for mandamus requiring the defendants as members of the State Highway Board to recognize petitioner's rights as chairman of the board and his right to participate in the deliberations of the body and his right to do and perform all legal duties pertaining to the office of chairman of the board, and that process issue, etc.

The defendants filed a general demurrer to the petition, on the ground that it failed to allege any cause of action or any reason why the writ of mandamus should issue, and further because the petition did not allege "that the petitioner was a member of the State Highway Board of the State Highway Department of the State of Georgia on the tenth day of August, 1921." Special grounds of demurrer were to paragraph six, because it is not alleged "how or wherein the executive order therein referred to is null, void, of no legal effect, and without any legal authority;" and to paragraph seven, because the allegation that petitioner is "Chairman of the State Highway Board . . is a mere conclusion of the pleader unsupported by the facts as alleged." On the hearing the judge rendered the following judgment: "The within demurrer coming on for argument, and plaintiff having amended his petition, the demurrer is hereby sustained and the petition is hereby dismissed." The defendants had filed an answer, the fourteenth paragraph of which alleged that the order of the Governor removing the petitioner was in all respects legal and of

full force and effect, and stated certain acts of official misconduct of the petitioner as grounds upon which the Governor had acted in revoking the petitioner's commission. The plaintiff demurred to that paragraph of the answer, on the ground that the first sentence thereof asserts a mere conclusion of law, and that the remaining allegations were irrelevant and immaterial in that the same undertake to set out the alleged reasons for the Governor's attempted removal of the petitioner, while as a matter of law the Governor was without authority to remove him, and therefore the allegations as to the reasons upon which he acted were irrelevant and immaterial. The judge sustained the demurrer and struck paragraph fourteen from the petition. The plaintiff excepted; and the defendants filed a cross-bill of exceptions to the judgment sustaining the demurrer to paragraph fourteen of the answer.

*S. L. Olive, Dorsey, Howell & Heyman,* and *Little, Powell, Smith & Goldstein,* for plaintiff.

*S. M. Smith* and *Strozier & Deaver,* for defendant.

ATKINSON, J. 1. This case presents an instance in which the plaintiff may appropriately invoke the remedy of mandamus. The decision of this court in the case of *Akerman* v. *Board of School Commissioners of Cartersville,* 118 *Ga.* 334 (45 S. E. 312), was based on facts so nearly similar to those of the case under consideration that the ruling there made is controlling in the case now under consideration. It was there held that: "The remedy of mandamus may be invoked to compel the board of school commissioners of the City of Cartersville to give recognition to the rights of a member thereof whom his associates have, without legal authority, attempted to remove from office."

2. The petition was dismissed on general demurrer, and the question arises as to whether the petition alleged a cause of action. It was alleged that the petitioner was chairman of the State Highway Board, holding for a term which commenced January 1, 1922, and would not expire until January 1, 1928; that the Governor had passed an executive order revoking the petitioner's commission and removing him from office; and that such executive order was void, because the issuance of such order was beyond the authority of the Governor. If the executive order was valid, that would be an end of the case, because the plaintiff would have no standing as chairman of the board, and the defendants as members of the

board would not be required to acknowledge him as such officer. If the executive order was void, the petitioner would not be legally removed from his office, and it would be the duty of the members of the board to recognize him as chairman and accord him all the rights that properly belong to that office. So the question is presented as to the power of the Governor to remove the petitioner from office as chairman of the State Highway Board. No express power is conferred upon the Governor by the constitution of this State or by the statutes to remove the chairman of the State High- way Board. If there be any such power vested in the Governor, it must be implied. In 22 R. C. L. 562, § 266, it is said: "When the term or tenure of a public officer is not fixed by law, the general rule is that the power of removal is incident to the power to appoint. . . But the power of removal is not incident to the power of appointment, where the extent of the term of office is fixed by the statute." In Mechem on Public Officers, 284, § 445, it is said: "Where . . the tenure of the office is not fixed by law, and no other provision is made for removals, either by the constitution or by statute, it is said to be 'a sound and necessary rule to consider the power of removal as incident to the power of appointment.' But this power of arbitrary removal is to be limited to these circumstances, and if the tenure is fixed by law, or if the officer is appointed to hold during the pleasure of some other officer or board than that appointing him, the appointing power can not arbitrarily remove him." In Throop on Public Officers, 309, § 304, it is said: "Where an office is filled by appointment, and a definite term of office is not fixed by a constitutional or statutory provision, the office is held at the pleasure of the appointing power, and the incumbent may be removed at any time. See also 29 Cyc. 371; 23 Am. & Eng. Enc. Law, 405. In *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 36 L. R. A. (N. S.) 866, Ann. Cas. 1912C, 372), the authorities last above mentioned were cited with approval as authority for the statement by this court that "It seems now to be the universally accepted rule, that, where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint." In State *v.* Rhame, 92 S. C. 455 (75 S. E. 881, Ann. Cas. 1914B, 519), decided by a divided court, it was held: "The power of removal from office by the governor is not an incident to his office, but exists only when

conferred by the constitution or statutes, or is implied from the conferring of the power of appointment. . . . The power of removal from office is not incident to the power of appointment, where the term of office is fixed by statute and no power of removal is conferred upon the appointing power."

In People *v.* Jewett, 6 Cal. 291, it was held.: "The Governor of this State can not remove from office a notary duly appointed, before his full term of office has expired." The decision was made to turn upon a provision of the constitution that "Where the duration of any office is not provided for by this Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment; nor shall the duration of any office, not fixed by this constitution, exceed four years." It was said in the opinion that "The obvious meaning of which is, that in those offices the term of which is not fixed by law, the incumbent may be removed at the pleasure of the appointing power; but where the tenure is defined, then the officer shall hold for his full term." The court cited with approval decisions from other States, as follows: "In the case of Page *v.* Hardin, 8 B. Monroe, the Supreme Court of Kentucky held, that the constitution having provided that a secretary of State 'should be appointed and commissioned during the term for which the Governor was elected, if he shall so long behave himself well,' the term thereby became fixed, and the Governor had no right to remove him. See also Avery *v.* The Inhabitants of Framingham, 3 Mass. 177, and Lehman *v.* Sutherland, 3 Sergeant & Rawle, 145. In the latter case, the learned Judge uses the following language: 'That the Legislature, possessing this power of appointment to offices local in their nature, created by law, submitting to the Governor the appointments, may restrain the power of removal, and modify the tenure of the office, can not, I think, be justly questioned. The power granted by the Constitution to the Governor to appoint, necessarily carries with it, in all offices where the tenure is during pleasure, the incidental power of removal. But when the duration of the office is fixed by the law creating it, and where there is a provision for removal during the time limited for the continuance in office, it would seem to me that the officer is not removable, except in the manner prescribed by the law. This incidental power of removal is not expressly given by the constitu-

tion, and it extends only by necessary implication to such offices as the Governor possesses exclusively the power of appointment to, under the constitution, or the power is granted to him by the law creating the office, where there is no restriction on the power of removal.'" In Territory *v.* Ashenfelter, 4 N. M. 85 (5) (12 Pac. 879), it was held that the Governor of the territory has no power, either inherent in the office of Governor, or under the organic act of the territory, to remove a judicial officer holding office for a fixed term, before the expiration of the term. It was contended in the case that the power of the Governor to remove is a necessary adjunct and incident to the power of appointment. With reference to this contention the court said on page 897: "The subject is discussed in two classes of cases. In one class where the office is held without any fixed term; in the other, where the law has attached to it a time during which the occupant may hold. In the first class, where the office is held only at the will of the appointing power, the right to remove does exist as an incident of the power to appoint. Ex parte Hennen, 13 Pet. 256; Keenan *v.* Perry, 24 Tex. 253. In the other class of cases, however, the ruling is different."

In Collins *v.* Tracy, 36 Texas, 546 (3), it was said: "The act of June 28th, 1870 (General Laws, 17), empowered the Governor to appoint county treasurers, who should hold their offices 'until the next general election in this State, or until otherwise provided by law.' Held, that an appointee under this provision acquired a vested right to the office, and was not removable by the Governor's subsequent appointment of a different person." In Bruce *v.* Matlock, 86 Ark. 555 (111 S. W. 990), it was held that the Governor of the State did not have the power to remove a member of the board of trustees of the State charitable institutions. The decision was placed upon a construction of the statutes creating the board of trustees for the State charitable institutions and application of the principles hereinbefore recited. It was said in the opinion: "The members of the board having been appointed for a fixed term, and as the statute does not confer upon the Governor the power of removal, the power does not exist. The right to remove public officers does not inhere to the chief executive of the State. Throop on Pub. Off. § 362; State *v.* Prichard, 36 N. J. Law, 101. Under our system of government, the executive

enjoys no prerogative in the sense in which that word is usually employed, but he exercises only such powers as are conferred upon him by the constitution and statutes of the State. These do not authorize him to remove members of the board of public charities."

Article 5, section 1, paragraph 2, of the constitution of this State declares that: "The executive power shall be vested in a Governor." Civil Code (1910), § 6471. He "shall take care that the laws are faithfully executed." Article 5, section 1, paragraph 12; Civil Code (1910), § 6481. These provisions of the constitution do not imply authority in the Governor to remove a public officer during his tenure of office. If they did, they would refer to offices created by the constitution as well as to offices created by statute, and would authorize the Governor to remove any officer of the State whether the office was created by the constitution or by statute. It was not intended by the makers of the constitution that the provisions referred to should have such effect. Similar language was contained in the statute of New Mexico which was construed and applied in Territory v. Ashenfelter, supra. In the opinion the court quoted with approval the following excerpt from Field v. People, 2 Scam. 91: "This clause is merely declaratory and directory. It confers no specific powers, nor does it enjoin any specific duty. This power of general supervision, says an able commentator on American law (2 Walk. Amer. Law, 103), is a duty enjoined on the Federal and State executives. It would be dangerous, however, to treat this clause as conferring any specific power which they would not otherwise possess. It is to be regarded as a comprehensive description of the duty of the executive to watch with all vigilance over the public interests. The Governor is not to execute the laws himself, but see them executed. This duty is performed by lending the aid and power of the executive arm to overcome resistance to law. The history of the Federal and State governments affords practical exposition of this clause of the constitution, in conformity with this construction. The executive is to see the laws executed as they may be expounded by those to whom that duty is intrusted. If this clause confers the power of supervision and dismissal as to one officer, it also gives the same authority over every other one in the government . . upon whom the performance of a duty may be enjoined. The injunction to see the laws executed is general, and sufficiently compre-

hensive to embrace every law and officer. If, under this clause, the Governor may dismiss the secretary, it can not be seen why he may not dismiss every other one, without regard to their manner of appointment or the tenure of office, and thus, by the construction of one clause, bring all the officers, and the operation of all the laws of the State, under executive control. This would counteract the whole scope and design of the constitution, by substituting the changing and capricious will of one man for the fixed and known rules of the law. From this consequence there is no escape if the rule be as contended for."

From what has been said it may be stated that the Governor of this State has no inherent power to remove a public officer, and that he can only do so where the power is expressly given or arises by necessary implication under the constitution or the statutes of the State; and where the constitution or statute authorizes appointment by the Governor without any fixed tenure of office, the appointment is at the will of the Governor and may be revoked at his pleasure; but where the appointment is by the Governor under a statute which provides a fixed term for the office, the Governor has not the power of removal of an officer during the term for which he was appointed. The ruling above made is not in conflict with the ruling in Parsons v. United States, 167 U. S. 324 (17 Sup. Ct. 880, 42 L. ed. 185), which was predicated upon the Federal constitution and acts of Congress, which were construed as not fixing a definite tenure of office. Concerning that case it was appropriately said in State v. Rhame, supra 519, that: "The entire opinion of Justice Peckham rests on the argument that under the constitution and statutes of the United States, the office of district attorney and like Federal offices fall without the general rule and are not controlled by it. The Federal statute provided: 'District attorneys shall be appointed for four years, and their commissions shall cease and expire at the expiration of four years from their respective dates.' After consideration of the powers bestowed by the constitution on the President to remove officers, and an elaborate review of the acts of Congress on the subject, the court holds that the debates in Congress, the history of congressional action on the subject, and the statutes themselves show that four years was fixed as a limitation on a term which was at one time indefinite, and that in so limiting the term it was not the

intention of the Congress to interfere with the President's power of removal which he had when the term was indefinite, and so under the constitution subject to his power of removal. It is on this ground that the court distinguishes the case and takes it out of the general rule laid down in Marbury *v.* Madison." .

3. Having reached the conclusion stated in the preceding division the next inquiry is as to the effect of the statutes of this State creating the State Highway Board. An act was approved August 16, 1916 (Acts 1916, p. 125), creating the "Highway Department of the State of Georgia," and requiring that body to discharge all the duties prescribed by the act of Congress approved July 11, 1916, known as the "act to provide that the United States shall aid the States in the construction of rural postroads, and for other purposes." The act provided that the members of the body should consist of the Prison Commission of Georgia, the State Geologist, the Dean of the College of Civil Engineering of the State University, and the Professor of Highway Engineering at the Georgia School of Technology. No provision was contained in the act for the selection or term of a chairman of the department. This act was superseded by the Act approved August 18, 1919 (Acts 1919, p. 242), entitled "An act to reorganize and reconstitute the State Highway Department of Georgia, and to prescribe the duties and powers thereof," etc. Article 3 of this latter act provided as follows (section 1): That the State Highway Department of Georgia shall consist "of the State Highway Board, the State Highway Engineer, and the staff of engineering and office assistants." (Section 2, paragraph 1) "That the State Highway Department shall be managed and controlled by the State Highway Board, which shall consist of three members, appointed by the Governor of this State," to be selected from defined territorial divisions of the State. (Section 2, paragraph 2) "That the full term of office of said members shall be six years, with initial appointment designated for two, four, and six years, respectively, so that the term of office of one member shall expire every two years." (Section 2, paragraph 3) "That the chairmanship of the State Highway Board shall vest every two years in that member who is entering his fifth year of service; provided that, for the purpose of inaugurating this rotation plan, the member appointed for the two year term shall be the chairman, to be succeeded in office by the

appointee for the four-year term; and provided further, that the term of office of all initial appointees shall include in addition that fractional part of the year intervening between the date of appointment and January first of the next succeeding calendar year, from which latter date the two, four, and six-year terms of office shall be reckoned." (Section 2, paragraph 4) "That members of the State Highway Board shall hold office until their successors are appointed and qualified; . . that vacancies shall be filled as in the case of the original appointments; and that no member shall hold another office while serving as such member." (Section 2, paragraph 5) "That when the chairmanship is made vacant by death, resignation, or other permanent cause, the immediate successor to that office under the rotation plan shall assume office and continue therein until the expiration of his term of office as member of the board."

It thus appears from the act of 1919, reorganizing the State Highway Department, that provision is made for the creation of the State Highway Board, for the office of chairman of that board, for the terms of office of the several members and of the chairman of the board, and that the members shall be appointed by the Governor from defined territorial divisions of the State. The Governor was not given authority to appoint the chairman of the board, but that position was made to devolve upon the several members of the board by force of the statute, according to a plan of rotation that is definitely set forth in the statute. This act was itself amended by the act approved August 10, 1921 (Acts 1921, p. 199), so as to provide for a change in the manner of the selection of the chairman and other members of the State Highway Board. Section 5 of the amending act required that the appointment by the Governor of the members of the State Highway Board should be "confirmed by the Senate." Section 6 provided that all of the above-quoted paragraph 3 of section 2 of the act of 1919 be stricken, and that the following be inserted in lieu thereof: "That the Governor of the State designate the member of said Board who shall act as chairman thereof, and said appointment shall be confirmed by the Senate. Provided further, that the term of office of all initial appointees shall include in addition to that fractional part of the year intervening between the date of appointment and January first of the succeeding calendar year, from

which latter date the 2, 4, and 6-year terms of office shall be reckoned." Section 7 provided that paragraph 5 of section 2 of the said act of 1919 be stricken, and a new paragraph inserted in lieu thereof, as follows: "That when the chairmanship is made vacant by death, resignation, or other cause, the successor to that office shall be designated by the Governor and confirmed by the Senate, and shall hold office for a term consistent with other provisions of this act." Section 8 provided: "That this act is not to become a law until January 1, 1922." Section 9 provided: "That all laws and parts of laws in conflict with this act be and the same are hereby repealed." It thus appears from the amending act of 1921, that the office of chairman of the State Highway Board was preserved, and that the provision for designation of the chairman by force of the statute under a plan of rotation and the provision for a 2-year term as chairman, as provided in section 3 of article 2 of the act of 1919, were expressly repealed, and as a substitute therefor the amending act of 1921 provided that the Governor shall appoint the chairman of said board, and that such appointment shall be confirmed by the Senate. Having expressly repealed the provisions of the act of 1919, which specified two years as the term of the office of chairman, there is no provision for a definite term of the office of chairman, except as found in section 7 quoted above from the amending act of 1921. It is there provided: "That when the chairmanship is made vacant by death, resignation, or other cause," the successor to be appointed by the Governor and confirmed by the Senate "shall hold office for a term consistent with other provisions of this act." The word "term" as thus employed imports that the Governor shall appoint for a specific term. The statute does not say expressly whether that term shall endure for 2 years or 6 years or any other specific time, but declares that it shall be "consistent with other provisions of this act." Other provisions of the act are that the appointment shall be from members of the board, and that the term of the members of the board shall be for 6 years each, except in the instance of the initial members, whose terms shall be 2, 4, and 6 years respectively. A fair construction of the statute is that if the Governor should appoint a chairman whose membership on the board should be for a 2-year term or 4-year term or 6-year term, the term of the chairman would be for the term of membership of

the member whom the Governor might appoint as chairman. Giving the statute this construction, it makes provision for a definite term during which the tenure of office of the chairman of the Board of Highway Department should continue. So it appears that the office of chairman of the State Highway Board is created by legislative enactment with provisions for appointments by the Governor to fill the office, and that definite and fixed terms of tenure in office are provided for the appointees to fill such office.

4. It appears from the act of 1919 as amended by the act of 1921, that the power was vested in the Governor to appoint the members of the State Highway Board and the chairman of that board. Under a proper construction of the statutes, though a member of the board need not necessarily be chairman, the chairman of the board must necessarily be a member of that body. The power being vested in the Governor to appoint the several members of the board as well as the chairman, and the statutes making no special provision for the form of an order of appointment, the Governor may in one order appoint a person as member and also as chairman of the board. This being so, an order by the Governor appointing as chairman a person who was not already a member of the board will be construed to include both membership and chairmanship of the board without making any special reference to membership, and the appointment as chairman will not be invalid merely because there was no antecedent appointment of the person as member of the board. The validity of the appointment as chairman would not be impaired if the appointee was already a member of the board. It follows that there was no merit in the ground of demurrer which complained that the petition failed to allege that the petitioner was a member of the State Highway Board at the time of his alleged appointment as chairman.

5. The ground of special demurrer to paragraph six of the petition was that it was not alleged "how or wherein the executive order therein referred to is null, void, of no legal effect and without any legal authority." This ground of demurrer is without merit. A proper construction of the allegation quoted from paragraph six is that the executive order revoking the appointment of the petitioner is null, void, and of no legal effect because the Governor was without any legal authority to issue the order. Under this con-

struction the language excepted to fully answers the criticism that is urged in the demurrer.

6. In paragraph seven of the petition it was alleged that petitioner is the chairman of the State Highway Board. This allegation was demurred to on the ground that it is a mere conclusion of the pleader, unsupported by the facts as alleged. From what has been stated in the preceding divisions there is no merit in this ground of demurrer.

7. The ruling announced in the seventh headnote does not require elaboration.

8. Error was assigned in a cross-bill of exceptions on the judgment of the court striking the defendants' answer which purported to allege cause for removal of plaintiff from office. In the light of what has already been said, the judge did not err in striking the defendants' answer. As the Governor did not have any power to remove the plaintiff from office, it would be irrelevant whether or not there was cause for his removal by some competent authority authorized by the constitution and laws of the State to deal with that subject.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Gilbert, J., absent for providential cause.*