## BREWER *v.* JOHNSON.

No. 11965. NOVEMBER 9, 1937.

*William P. Whelchel* and *Boyd Sloan,* for plaintiff in error.

*Hammond Johnson,* contra.

JENKINS, Justice. On March 22, 1937, the commissioners of the City of Gainesville, at a regular meeting and in the manner provided by the charter, unanimously elected Johnson as recorder for two years commencing April 1, 1937. Johnson as relator brought this quo warranto proceeding. The election was recorded on the minutes, a copy of which was published on March 25, 1937, in a city newspaper. On March 31, 1937, at a meeting the minutes of which recited that the person previously elected

recorder "had not qualified," the commissioners elected Brewer, the respondent, to the office. Johnson filed no written oath of office before the second election on March 31, but later in the day and before the beginning of the term of office on April 1, he filed a written oath, although no oath was required by the city charter. Brewer also filed a written oath on March 31. Both contestants had the qualifications prescribed by the charter for the office. There was no attempt to remove Johnson in the manner provided by the charter. After both of the parties had attempted to perform the duties of the office which Brewer assumed, Johnson filed this quo warranto proceeding. Under the agreed facts as above stated, the court entered a judgment in his favor, and Brewer excepted.

1. Where, as in the instant case, the charter of a municipality creates a public office with a fixed term, and provides for an election of the officer by the city commissioners, and for his removal only upon written charges and a public hearing after furnishing to him a copy of the charges and giving him notice, the commissioners can not, after he has been legally elected, discharge or remove him except as thus provided. *City of Macon* v. *Bunch,* 156 *Ga.* 27 (1, *b*), 29 (118 S. E. 769); *Mayor &c. of Savannah* v. *Grayson,* 104 *Ga.* 105, 114 (30 S. E. 693); *City of Nashville* v. *Whitley,* 53 *Ga. App.* 587 (186 S. E. 717); *Burney* v. *Boston,* 24 *Ga. App.* 7 (100 S. E. 28). The present charter of the City of Gainesville creates the office of recorder for the trial and punishment of offenders, and provides for the election of such officer by the city commissioners for a term of two years, and for his "removal at any time by a vote of the majority of the commission," but only after written charges, notice, and trial, as above stated. Ga. L. 1922, pp. 834, 849. After a legal and final election of such a recorder, he can not, until his death, resignation, or expiration of his term, be lawfully displaced by the election of another person, except after a removal in the manner prescribed by the charter.

2. While a municipal commission or council, like other legislative or governing bodies, ordinarily may reconsider and rescind previous ordinances, resolutions, and other acts, it has not, under the great weight of authority, the "power to reconsider its action in electing a municipal officer," and "the members can not after-

wards change the result by passing a resolution declaring another [person] elected." Calderwood *v.* Miller, 62 Ohio St. 436 (57 N. E. 227); State *v.* Van Burkirk, 40 N. J. L. 463; Matter of Fitzgerald, 88 N. Y. App. Div. 434 (82 N. Y. Supp. 811, 84 N. Y. Supp. 1125); State *v.* Phillips, 79 Me. 506 (11 Atl. 274); 19 R. C. L. 900, 901, § 200; 913, §§ 211, 212; 43 C. J. 618, § 1008; 2 Dillon on Municipal Corporations (5th ed.), 858, 859; and other citations in these texts.

3. The Code, § 89-301, declares that the sections following "shall apply to the oaths of office of all public officers of this State," and in § 89-302 prescribes a form of oath therefor. However, it provides (§ 89-303) that this oath "shall be forwarded with the dedimus potestatem," which under § 40-203, is issued only by the Governor in connection with his grant of a commission. See also §§ 89-305, 89-308. These statutes, therefore, manifestly have application to officers commissioned by the Governor, and not to municipal officers not commissioned by him. It follows that an oath by a municipal officer is not necessary in the absence of any requirement thereof by the city charter or some other statute. See *Long* v. *Rose,* 132 *Ga.* 288, 292-295 (64 S. E. 84); *Beazley* v. *Lunceford,* 178 *Ga.* 683 (173 S. E. 852). Accordingly, irrespective of whether or not the failure of a person, elected to an office requiring a written oath, to take such oath before a second attempted election of another person in his place would render the second election legal, on the theory that the person first elected had not become a de jure officer because he had failed to qualify by taking the oath (see *Ross* v. *Williamson,* 44 *Ga.* 501 (2); *Rowe* v. *Tuck,* 149 *Ga.* 88, 99 S. E. 303, 5 A. L. R. 113; *Overton* v. *Gandy,* 170 *Ga.* 562 (3), 567, 153 S. E. 520), such a failure would not affect the legal rights of a first elected municipal officer, such as here involved. This case is therefore differentiated by its facts from *Compton* v. *Hix,* 184 *Ga.* 749 (193 S. E. 252), involving the office of county commissioners, who are required to be commissioned by the Governor and to take oath. Code, § 23-923.

4. Under the preceding rulings and the agreed statement of facts in this quo warranto proceeding involving the rights of the contestants to the office of recorder of the City of Gainesville, the prior legal and final election of the defendant in error made him

the lawful officer; and in the absence of a removal in the manner required by the charter, the subsequent election of the plaintiff in error was without legal effect. The trial judge properly so held. *Judgment affirmed. All the Justices concur.*