19810, 19833. CARR *v.* SPARKS *et al.,* Trustees; and *vice versa.*

SUBMITTED SEPTEMBER 10, 1957—DECIDED OCTOBER 11, 1957—
REHEARING DENIED NOVEMBER 8, 1957.

*J. Douglas Carlisle, Carlisle & Edwards, John B. Harris, Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, John L. York, Assistant-Attorney-General,* contra.

ALMAND, Justice. The judgment under review is one sustaining a motion to dismiss a petition for the writ of mandamus.

Eleanor Carr brought her petition for mandamus against George Sparks and others in their capacity as Trustees of the Teachers' Retirement System of Georgia, such persons being vested under the act of 1943 (Ga. L. 1943, p. 640) with the management of the Teachers Retirement System. The amended petition alleged that the plaintiff was the daughter of Mrs. Eleanor O'Connor Carr, who, as a teacher in the public schools of Bibb County, became a member of the Teachers Retirement System on April 13, 1953. At the time she became a member of this system, Mrs. Carr designated the plaintiff as her primary

beneficiary in the event that she died prior to her retirement. On May 11, 1955, Mrs. Carr signed an application for retirement, stating that she desired that the maximum amount allowable under the retirement act be payable to her during her lifetime. Thereafter, four checks were issued by the Teachers Retirement System payable to the plaintiff's mother, each in the sum of $105.28, for the months of July to October 1955, inclusive, and these checks were deposited to her account. It was alleged that, at the time plaintiff's mother signed the application for retirement, she did not have the mental capacity to make a contract, and that Mrs. Carr was adjudged a lunatic on August 11, 1955, and was confined in the State Mental Hospital until her death on October 27, 1955. It was further alleged that, since she did not have the mental capacity to make a contract, Mrs. Carr's attempt to retire was abortive and she was, therefore, still a member of the Teachers Retirement System at the time of her death; and that, as her mother's designated beneficiary, plaintiff was entitled to a reduced monthly retirement allowance from the system as provided under section 5 of the act of 1943, supra, as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 114, 116; Code, Ann. §§ 32-2905 (4) (d), and 32-2905 (8) Option 2). Plaintiff alleges that she made a demand upon the defendant trustees to comply with the law and to pay her the reduced monthly retirement allowance throughout her lifetime, as provided in Option 2, supra. Her prayer was for a mandamus absolute, "requiring the defendants as trustees of the Teachers Retirement System of Georgia to perform their official duties as aforesaid."

On the hearing, the defendants filed a plea to the jurisdiction and a motion to dismiss. The court overruled the plea to the jurisdiction, but sustained the motion to dismiss. The plaintiff filed her bill of exceptions assigning error on the order dismissing her petition, and the defendants filed their cross-bill of exceptions assigning error on the overruling by the court of their plea to the jurisdiction.

The plaintiff bases her claim of right to receive a reduced monthly retirement allowance under Option 2 of section 5 of the retirement act on the ground that, since her mother did not have the mental capacity to make a contract, Mrs. Carr's effort

to retire was ineffectual and she was, at the time of her death, still a member of the system. Section 5 of the act provides for the manner and method in which a teacher can retire and for the allowance of benefits and the manner in which they shall be computed. Under this section, where a member who has attained the age of 60 or has had 35 years of service dies while in service, the computation of the retirement allowance would be made upon the same basis as though Option 2, as provided in subsection 8 of section 5, had been in effect; and plaintiff claims that as the named beneficiary of her mother she is entitled to a reduced monthly retirement allowance to be paid to her throughout her life.

The plaintiff contends that, when her mother signed the application to retire from the system, she made a new contract, and though she had not been adjudged insane at the time she attempted to retire, she was mentally incapable of making such a contract. Since the contract was voidable, the plaintiff as her heir had the right to disaffirm the contract, and therefore the mother died while still a member of the system. Conceding but not deciding that the act of the plaintiff's mother in retiring did constitute the making of a new contract, we are of the opinion that the plaintiff shows no right to receive the retirement allowance. Her petition discloses that the plaintiff's mother executed her application for retirement before she was adjudged insane, and does not disclose that the defendants had any knowledge of her alleged mental incapacity. Mrs. Carr's act was not void but merely voidable. Code § 20-206. There are no allegations that negative the good faith of the parties defendant or that the consideration was unfair or unjust. The retirement system agreed to pay Mrs. Carr a fixed monthly sum for the remainder of her life, which they did, and therefore the alleged contract has been fully executed. It is now impossible to restore the parties to the position they were in when the plaintiff's mother signed her application for retirement. The reason for the rule of law that prevents the plaintiff from avoiding the consequences of an executed voidable contract is clearly and succinctly stated by Judge Jenkins, now Chief Justice Emeritus of this Court, in *Watkins* v. *Stulb & Vorhauer*, 23 *Ga. App.* 181 (1) (98 S. E. 94): "Even where there has been no

such actual ratification of a contract thus made [by one who is actually insane], but where there had been no adjudication of the fact of insanity, and the opposite party to the contract was ignorant of the other's disability, and had no reasonable cause to suspect it, and the contract was fair and reasonable in its terms, and it is shown that the contract was entered into in good faith, without fraud or undue influence, and was founded upon a valuable and adequate consideration, and that the insane party has actually received the full benefit of the contract, and the parties can not be restored to the status quo, the liability under the contract will be upheld, not so much upon the theory of enforcing the promise because of the making of the contract itself as upon the idea that the insane party ought not to enjoy the full, adequate, and irrestorable benefit of the contract ordinarily merely voidable, without himself complying with the terms thereof." See also *Atlanta Banking &c. Co.* v. *Johnson,* 179 *Ga.* 313 (175 S. E. 904); *Georgia Power Co.* v. *Roper,* 201 *Ga.* 760 (1, 2) (41 S. E. 2d 226). This rule of law is supported by the overwhelming weight of authorities from other jurisdictions. See Annotations in 46 A. L. R. 419, 95 A. L. R. 1443.

"In order to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have the particular act performed, the doing of which he seeks to have enforced." *Adkins* v. *Bennett,* 138 *Ga.* 118 (1) (74 S. E. 838). Since it clearly appears from the amended petition that the plaintiff does not have any right to receive the reduced monthly retirement allowance under section 5, Option 2, of the Teachers' Retirement System Act, supra, the court did not err in dismissing her petition for a writ of mandamus absolute, seeking to require the trustees to pay this allowance.

There being affirmance on the main bill of exceptions, it becomes unnecessary to consider the cross-bill of exceptions.

*Judgment affirmed on the main bill; cross-bill dismissed. All the Justices concur, except Duckworth, C. J., who dissents.*