20565. GARRETT, Sheriff, *et al. v.* BOARD OF COMMISSIONERS &c. OF WASHINGTON COUNTY *et al.*

CANDLER, Justice. J. B. Garrett and N. J. Smith, as the Sheriff and a Deputy Sheriff respectively of Washington County, brought mandamus against Levie Dukes, I. R. Anderson, and Luther Sheppard in their respective official capacities as the members of the Board of Roads and Revenues of Washington County, to compel payment of $4,044 allegedly due them for certain official services rendered the county. Their petition for the writ alleges that they have since June, 1958, made 1,348 nulla bona entries on delinquent and insolvent executions for State and county taxes, which the Tax Commissioner for Washington County had previously issued; that they are legally entitled to have and receive $3 for each such entry, the legal cost prescribed by Code (Ann.) § 24-2823 for the performance of such official service by a sheriff or his deputy; and that such entries were made by them for the purpose of complying with the provisions of Code §§ 92-7701 and 92-7702 and thereby preventing such executions from becoming dormant through the record of such nulla bona entries on the county's execution docket. The petition was demurred to on the ground that it failed to state a cause of action for the relief sought, and the exception is to a judgment sustaining the demurrer. *Held:*

1. To entitle one to the writ of mandamus it must appear that he

has a clear legal right to have performed the particular act which he seeks to have enforced. Code § 64-101; *Adkins* v. *Bennett*, 138 *Ga.* 118 (1) (74 S. E. 838); *Veal* v. *Washington County Board of Education*, 211 *Ga.* 204 (84 S. E. 2d 565); *Carr* v. *Sparks*, 213 *Ga.* 606 (100 S. E. 2d 583).

2. Section 92-8002 of the Code of 1933 declares: "Tax collectors shall be allowed a fee of 50 cents for issuing tax executions; but no tax collector, sheriff, or constable shall receive costs on said executions, unless the same shall be collected from the defendant." This section comes from an act which was passed in 1861 (Ga. L. 1861, p. 80), and was placed in the Code of 1868 as § 890, and it has been carried forward in each subsequent Code in exactly the same language. Since the cited act of 1861 was passed, this court has held that there is no provision of law for paying a sheriff his fees or costs for any official service rendered by him in connection with a tax execution unless those fees or costs were actually collected by him out of the one against whom such an execution was issued. *Keen* v. *Rouse*, 44 *Ga.* 601. No contention is here made that the act of 1861 has been expressly repealed, but it is alleged in the petition and argued in the brief for the plaintiffs in error that it has been impliedly repealed by the following rule and subsequently enacted statutes, to wit: Superior Court Rule 78 (Code § 24-3378), which requires the sheriff or his deputy to make an entry of the action taken by him on any criminal or civil process placed in his hands for levy or service. An act passed in 1870 (Ga. L. 1870, p. 67; Code § 24-3410), which requires the clerk of any court, any justice of the peace, or any other officer who may issue an execution, to indorse on the execution at the time of its issuance the date and amount of the judgment and an itemized statement of the cost, and which provides also that no cost shall in any case be demanded by any such officer entitled thereto for services rendered in the case which are not itemized and indorsed on the execution. An act passed in 1887 (Ga. L. 1887, p. 23; Code § 92-7702), which provides: "All laws in reference to a period of limitation as to ordinary executions for any purpose, or to the length of time or circumstances under which they lose their lien in whole or in part, are applicable to tax executions." And an act passed in 1955 (Ga. L. 1955, p. 383; Code, Ann., § 24-2823) which fixes the sheriff's fee for each search and return of nulla bona at $3. The position thus taken is not tenable

as the rule and statutes upon which the plaintiff relies for an implied repeal of the act of 1861 do not have the claimed repealing effect. "Repeals by implication are not favored by law, and a subsequent statute repeals prior legislative acts by implication only when they are clearly and indubitably contradictory, when they are in irreconcilable conflict with each other, and when they cannot reasonably stand together." *Moore* v. *Baldwin County*, 209 *Ga.* 541, 545 (74 S. E. 2d 449), and the cases there cited. Applying the rule as there stated respecting repeal of legislative action by implication, we hold that the act of 1861, which is now embraced in the Code of 1933 as § 92-8002, has not been impliedly repealed by the rule and statutes relied upon by the plaintiffs and cited above, or by any other subsequent act of the General Assembly, but that it is presently of full force and effect.

3. For the reasons stated in the two preceding divisions, the trial judge properly dismissed the petition on the general demurrer interposed thereto.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs only in the judgment.*

SUBMITTED SEPTEMBER 14, 1959—DECIDED OCTOBER 9, 1959.

*N. J. Smith*, for plaintiffs in error.
*D. E. McMaster, Thomas A. Hutcheson*, contra.