24908. FARMERS UNION WAREHOUSE OF METTER et al. v. BIRD et al.

Argued November 12, 1968—Decided December 5, 1968.

*George H. Lane, Bloch, Hall, Hawkins & Owens, Wilbur D. Owens, Jr.,* for appellants.

*Milton A. Carlton, Spivey & Carlton,* for appellees.

GRICE, Justice. This appeal is from the denial of a partial summary judgment sought by a corporation, its majority stockholders, directors and officers against its minority stockholders in a controversy over management of the affairs of the corporation. The litigation began when the Farmers Union Warehouse of Metter, W. Kennedy Dekle and others filed their complaint in the Superior Court of Candler County against Joe Maxwell Bird and others.

The allegations of the complaint, insofar as necessary to state here, are those which follow.

Since the individual plaintiffs acquired control of the corporation in July 1964, certain of the defendants have complained that they have conspired to waste and mismanage corporate assets and to take all or most of the profits of the corporation for themselves. The defendants charge that excessive salaries and bonuses were paid to three of the plaintiffs for the fiscal years ending June 30, 1965, June 30, 1966, and June 30, 1967, and have demanded repayment of the allegedly excessive amounts. Plaintiffs through their attorney denied such charges. They allege they are of the opinion that they have operated the corporation successfully for the benefit of all stockholders in accordance with law, and attach financial data of the corporation for the years in question. In Count One they allege that the charges by the defendants are injuring the reputation of the corporation, its officers and directors, and until resolved and given direction by the court will continue to injure and will possibly destroy the corporation, and that plaintiffs to be able to operate the corporation need to know if their actions have been legally proper and whether, if continued, they will be legally proper. In Count Two plaintiffs aver that the superior court is vested with visitorial powers over the corporation and that the court in the exercise of these powers should inquire into the controversy, determine whether there has been "any legal misbehavior" of the plaintiffs and decide the controversy.

The prayers of the complaint are (1) that the court declare the rights and other legal relations of the plaintiffs and guide and protect them from uncertainty and insecurity with respect to the propriety of their future acts, (2) that the court in the exercise of its visitorial powers inquire into this matter and decide all controversies as to it, and (3) that they be given general relief.

To this complaint the defendants filed an answer and cross action. It charged that the individual plaintiffs conspired in 1964 to seize control of the corporation, to illegally convert substantial portions of the assets to themselves, and that they acquired such control in May 1965. It recited the salaries and bonuses paid, besides other "expenses," and charged that such payments constituted gross misconduct, mismanagement and fraudulent conversion of assets to the plaintiffs.

The prayers of the answer and cross action included (1) that an auditor be appointed, (2) that the individual plaintiffs be enjoined from paying to themselves salaries in excess of those paid when they were first elected, (3) that they be enjoined from carrying on a conspiracy of conversion of the assets of the corporation to themselves, and (4) that judgment be entered against named plaintiffs for the illegal payments.

The trial court upon an interlocutory hearing entered an order temporarily enjoining the plaintiffs from paying salaries to officers and directors in excess of those presently being paid, and from paying any bonuses to officers or directors, besides other relief not necessary to state here.

Depositions were taken from several of the parties as to the acquisition of stock control and fiscal management of the corporation during the periods referred to above, and also from persons with experience in the same type of business as to the reasonableness or unreasonableness of amounts of salaries and bonuses.

Thereupon the plaintiffs moved for summary judgment as to all matters set forth in the pleadings which transpired before June 30, 1966, on the ground that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law as to that period of time.

This motion was denied.

The trial court certified that the order denying such motion should be subject to review, and it is, therefore, subject to review by direct appeal. See Ga. L. 1967, pp. 226, 238, § 56 (h) (*Code Ann.* § 81A-156 (h)).

Each of the enumerations of error relates to the denial of the plaintiffs' partial motion for summary judgment.

In our view the trial court properly denied this motion.

We reach this conclusion because the plaintiffs, in seeking a declaration only as to matters transpiring before June 30, 1966, do not show any need for guidance and protection from uncertainty and insecurity with respect to the propriety of their future acts. Thus they are not faced with any dilemma as to what course they should pursue. Instead, they seek confirmation and approval of what they have done in the past, as to rights which

have already accrued. In this situation, declaratory judgment is not an available remedy. *Pinkard v. Mendel,* 216 Ga. 487, 490 (2) (117 SE2d 336) ; *Clark v. Karrh,* 223 Ga. 851 (159 SE2d 75). Nor is the sanction of past action available under the visitorial power of the superior court over corporations, recognized by *Waring v. Georgia Medical Society,* 38 Ga. 608 (4) (95 AD 408) and *Code* § 22-704. In this connection, see also 19 AmJur2d 833, 834, Corporations, §§ 1441, 1442.

Because of the foregoing, it is not necessary to determine whether upon the showing made for the partial motion for summary judgment there was a genuine issue of material fact for jury determination.

*Judgment affirmed. All the Justices concur.*