### 25360. CONNEFF et al. v. HILL.

Undercofler, Justice. This is a mandamus action brought against the members of the City of Savannah Civil Service Board to require them to hold a hearing to review the plaintiff's dismissal from the Savannah Police Department. The plaintiff alleges that he had permanent civil service status and under Ga. L. 1956, p. 2068, Section 9, with which he has complied, he is entitled to a hearing; that the board has denied his request for a hearing, and that there is no other

remedy available to him. Defendants' motion to dismiss the petition was overruled and that judgment, upon certification of the trial judge, is brought here for review.

Section 9 amending Section 18 of the Savannah Civil Service System (Ga. L. 1956, pp. 2068, 2074) provides: "Section 18. Removal. Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee if holding a permanent civil service status shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action of the appointing authority shall be final, except the board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal, political or religious reasons and not justified."

The defendants contend that the plaintiff is not entitled to a hearing as a matter of law but such review is discretionary with the board. *Held:*

Identical provisions of the statute here being questioned were construed in *Foster v. Vickery,* 202 Ga. 55, 61 (42 SE2d 117). It was there held that "there was no provision in the law for an appeal by a discharged employee. Under § 18, the discharged employee 'shall have an opportunity to answer the charges in writing,' but no provision is made for a hearing, or the introduction of evidence, nor was there any positive requirement that the board should review the charges . . . the discharged employee might receive a review of the charges, if the board elected to act." Accordingly the plaintiff cannot compel the board to hold a hearing. The judgment of the trial court was error.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969.

*Jack H. Usher, Fred S. Clark, Thomas J. Mahoney, Jr.,* for appellants.

*Robert J. Duffy, Emery L. Duffy,* for appellee.