26573. BAILEY et al. v. DOBBS et al.

UNDERCOFLER, Justice. Appellants, plaintiffs in the trial court, were formerly Chief of Police, Assistant Chief of Police and Captain of Police of the City of Covington. They filed this action against the City of Covington, its mayor, council and city manager alleging that they were illegally discharged from their positions of police officers. This appeal is from the trial court's denial of appellants' motions for summary judgment, injunction, mandamus and declaratory judgment. The trial court certified the questions raised for immediate review.

The complaint alleged that at a meeting of the mayor and council on July 6, 1970, four of the six councilmen adopted a resolution over the veto of the mayor, directing that the city manager discharge the appellants as employees of the City of Covington; that on the following day, the appellants were discharged by the city manager; and that such discharge is contrary to the city charter of Covington.

Complainants allege also that they were denied due process of law because they were discharged without notice and hearing.

The trial court denied the defendants' motion to dismiss. There is no cross-appeal from this judgment. *Held:*

1. "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *Code* § 64-101; *Adkins v. Bennett,* 138 Ga. 118 (1) (74 SE 838); *Veal v. Washington County Board of Education,* 211 Ga. 204 (84 SE2d 565); *Carr v. Sparks,* 213 Ga. 606 (100 SE2d 583)." *Garrett v. Board of Commissioners,* 215 Ga. 351 (1) (110 SE2d 626). Mandamus shall not lie to control the acts of a "public officer who has an absolute discretion to act or not, unless there is a gross abuse of such discretion. . ." *Code* § 64-102.

The charter for the City of Covington was amended by the General Assembly in 1962 (Ga. L. 1962, p. 3072) and 1966 (Ga. L. 1966, p. 2437). It provides that the city manager is authorized "to appoint, prescribe the duties or supervise and remove all adminstrative employees [with certain exceptions]." The same paragraph dealing with the city manager also provides

that neither the council nor any of its committees shall direct or request the appointment of any person to nor his removal from office by the city manager.

Section 2-7 of the Code of Ordinances of the City of Covington provides in part: "Police Department, Appointment. . . all of such appointments shall continue at the pleasure of the City Manager who shall have the right and power to suspend any one of such appointees if deemed in the best interest of the city to do so."

Neither the charter nor the ordinance requires notice and hearing before discharge.

In *Wright v. Gamble,* 136 Ga. 376, 378 (71 SE 795, 35 LRA (NS) 866, AC 1912C 372), this court stated: "It seems now to be the universally accepted rule, that, where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint. . . In such a case no formalities such as the preferring of charges against, or the granting of a hearing to the incumbent, are necessary to the lawful exercise of the discretionary power of removal." See also 56 AmJur 2d 364, § 333.

The record shows that on July 6, 1970, a resolution of the city council was passed directing the city manager to discharge the appellants as city employees and that it was passed pursuant to a previous suggestion of the city manager requesting a resolution on the subject. The city manager by affidavits showed that the employees were discharged in the exercise of his discretion, in the best interest of the city and the police department, and that he was not coerced.

The fact that the city council recommended the discharge of these employees would in no way alter the fact that the city manager by affidavit showed that their discharge was an exercise of his discretion and was not the result of coercion.

Since the charter and the ordinance of the City of Covington allow the city manager to control city employees in his discretion mandamus will not lie. *Conneff v. Hill,* 225 Ga. 583 (170 SE2d 421).

2. The appellants contend that the appellees should be enjoined from illegal interference with their rights to occupy the respec-

tive positions as police officers for the City of Covington.

The discharge of the appellants from their positions as police officers of said city has already taken place and the appellants no longer hold these positions. Therefore, the injunctive relief sought on motion for summary judgment was properly denied since the question is now moot.

3. The declaratory judgment relief sought by the appellants was properly denied. The complaint in this case shows that the rights of the parties have already accrued. As this court held in *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336): "And where, as here, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment." See also *Farmers Union Warehouse of Metter v. Bird,* 224 Ga. 842 (165 SE2d 148).

4. The material averments of the affidavits in support of the motion for summary judgment are disputed by the deposition of the city manager. Therefore, the motion for summary judgment was properly denied.

*Judgment affirmed. All the Justices concur, except Felton and Hawes, JJ., who dissent in part.*

ARGUED JUNE 14, 1971—DECIDED JULY 15, 1971—
REHEARING DENIED JULY 30, 1971.

*Heard & Leverett, E. Freeman Leverett,* for appellants.

*Campbell & Campbell, R. P. Campbell, W. K. Campbell,* for appellees.

FELTON, Justice, dissenting. As the majority opinion points out, there is no cross appeal from the order denying the defendants' motion to dismiss. As a result of this, the law of the case is thereby established that the complaint stated a claim. See *Rahal v. Titus,* 110 Ga. App. 122 (138 SE2d 68); *Cromer v. Cromer,* 222 Ga. 365, 367 (149 SE2d 804); *Code Ann.* § 81A-160 (h) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240); United States

v. American Radiator &c. Corp., (DC-Minn.), 115 FSupp. 422.

The majority opinion also notes, again without giving effect to, the following provision in Section 30-B of the city's charter as amended (Ga. L. 1966, pp. 2437, 2444): "Neither the council nor any of its committees shall *direct or request* the appointment of any person to, *or his removal from office by the city manager, or in any manner take part in the administrative service of the city.*" (Emphasis supplied.) Although, as will be hereinafter discussed, there was some conflict in the evidence as to whether the defendant city manager was truly acting in his discretion in the removal of the appellants from office, it is nevertheless apparent that the defendants violated the above charter provision. The majority opinion itself states that "The record shows that on July 6, 1970, a resolution of the city council was passed *directing* the city manager to discharge the appellants as city employees . . ." (Emphasis supplied.)

"Unless additional powers are conferred by statute or by the state constitution, a municipal corporation, being created by charter, derives all its powers from the charter under which it acts as a body corporate and politic." 2 McQuillin on Municipal Corporations 613, § 9.03. "A grant of power to a municipal corporation must be strictly construed; and such a corporation can exercise no powers except those which are expressly given, or are necessarily implied from express grants of other powers." *Ga. R. &c. Co. v. Railroad Commission,* 149 Ga. 1 (2) (98 SE 696, 5 ALR 1): *Pharr Rd. Investment Co. v. City of Atlanta,* 224 Ga. 752, 754 (164 SE2d 803). "In the discharge of their duties the officers cannot go beyond the law. . .Municipal officers are only agents of the local public in its corporate capacity; they act under defined powers and duties, limited and restricted by law, and the extent of these powers are to be strictly construed and they may not be enlarged by usage or custom." 3 McQuillin, op. cit., 519, 520, § 12.126. "The removal or suspension of officers is controlled by the particular law applicable and its proper construction. *Strict construction of laws authorizing removal is the rule.* It is essential that the mandatory provisions of the law applicable be substantially observed." (Emphasis supplied.) 4 McQuillin, op. cit. 214, 215, § 12.229; *Brewer v. Johnson,* 184 Ga. 806 (193 SE 778). "If the legislature

does plainly and distinctly declare its intention, the Act is not open to construction; it needs, and can receive none. It stands self-interpreted, and courts have nothing to do but to enforce it. The exclusion of interpretation, where none is needed, may be stated to be, notwithstanding the absurdity which it involves, the *first rule of construction." Aldridge v. Fed. Land Bank of Columbia,* 203 Ga. 285, 289 (46 SE2d 578).

It cannot be said that the above provision is merely directory. In the first place, the word "shall," a mandatory word, is employed. "A statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as *mandatory where such injury or prejudice will result."* (Emphasis supplied). *McLendon v. Everett,* 205 Ga. 713, 717 (55 SE2d 119). It is possible, as appellees contend, that the primary intent of this provision was the removal of the hiring and firing of city employees from the political arena, for the better administration and, hence, the benefit of the city. This does not preclude the conclusion that the appellants, who were certainly interested parties, sustained injury or prejudice to their substantial right under the charter to be removed solely by the city manager, acting at his discretion and without the interference in the form of either direction or request, of the city council.

*Code* § 64-101 provides: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." For authorities to the effect that mandamus will lie to compel reinstatement of employees illegally removed or discharged, see: *Blount v. Parham,* 184 Ga. 515 (191 SE 911); *City of Macon v. Bunch,* 156 Ga. 27 (1c) (118 SE 769); *Patten v. Miller,* 190 Ga. 123, 147 (8 SE2d 757); *McAfee v. Bd. of Firemasters of Atlanta,* 186 Ga. 262 (1, 2) (197 SE 802); *Holder v. Anderson,* 160 Ga. 433 (1) (128 SE 181); *Akerman v. Bd. of School Commrs. of Cartersville,* 118 Ga. 334 (45 SE 312); *McCutcheon v. Smith,* 199 Ga 685 (35 SE2d 144); *Waring v. Ga. Medical Soc.,* 38 Ga. 608 (95 AD 408); *Talmadge v. Cordell,* 167 Ga. 594 (1) (146 SE 467); *Jones v. Nelson,* 202

Ga. 732 (1) (45 SE2d 62); 52 AmJur2d 614, Mandamus, § 287;4 McQuillin on Municipal Corporations 457, § 12.269c. Under the foregoing authorities, therefore I submit that a mandamus nisi was demanded on the ground of the failure of the defendants to comply with the mandatory provisions of the city's charter, which worked to the injury or prejudice of appellants.

*According to the above authorities, the question of the legality of the employee's discharge is not now moot, as the majority holds.*

The majority opinion, relying on *Conneff v. Hill*, 225 Ga. 583 (170 SE2d 421), holds that, since the city's charter and ordinance allow the city manager to control city employees *in his discretion*, mandamus will not lie. *Code* § 64-102 provides that mandamus shall not lie "to a public officer who has an absolute discretion to act or not, *unless there is a gross abuse of such discretion*; . . ." (Emphasis· supplied.) This statute indicates a necessity that the officer, in fact, exercise his discretion, since discretion cannot be *abused* unless and until it is first *used*. I submit that a review of the record in this case makes it abundantly clear that the appellee city manager, although *having* the contended discretion, never in fact exercised it in the removal of appellants from office. (Even conceding its use, which I do not, moreover, such a gross abuse was shown as to make mandamus lie.) The defendants' answer admitted the adoption of the resolution by four councilmen and that the plaintiffs were discharged early on the following day by the city manager. The affidavits of plaintiffs all testify to the fact that the city manager called them in, advised them of the council action the previous night, stated that this was "the hardest thing he ever had to do, to fire men without cause"; that when asked for a reason, the city manager stated that he didn't know, that he would attempt to get one from the councilmen. Plaintiff Johnson testified by affidavit to the effect that the city manager told him, "I hate to let you go for no reason, but if I don't at the next meeting there will be four of us looking for a job instead of three." Mr. Turner, the city manager, admitted this. Neither Mr. Turner nor any of the four councilmen denied the above facts. In his deposition, Mr. Turner testified that he had no advance notice that this issue was going to arise at the council meeting at which council voted to discharge the three police officers. He said that he had

not previously asked any councilman to bring this up at a council meeting, which is in direct conflict with his affidavit filed by the councilmen in support of the defendants' motion for summary judgment (to the effect that the resolution "was passed pursuant to a previous suggestion and/or request made by the City Manager, Frank B. Turner, so as to determine the feelings of the majority of the council concerning the discharge of the plaintiffs.) Also in conflict therewith was Turner's direct testimony denying his having requested the council to take this action. He testified that he had not even discussed with the council about discharging two of the policemen. He could not say when he made up his mind about discharging any of the three plaintiffs or whether he had told them that "it was the hardest thing I've ever had to do, to fire someone without cause." He also admitted that the council action was most definitely a factor in his discharge of the three policemen. Mr. Turner testifies that he was aware of the fact that, under the city charter, he, as the city manager, serves at the pleasure of the city council.

In view of all the above evidence, the city manager's affidavit, to the effect that the discharge of the three employees was an exercise of his discretion and was not the result of coercion, was entitled to little or no weight. It is difficult to imagine a more effective coercion than that his employers and superiors, at whose pleasure he served, had *directed* (not merely requested) him to take this specified course of action. Furthermore, even if the city manager requested the council's position on the issue, their action did not thereby become legal, because the city manager did not have it within his power to waive the provisions of a law designed for the benefit of the public. *Code* § 102-106.

I would affirm the trial court's judgment denying the plaintiffs' motions for a summary judgment because of the conflicts in the evidence and the presumptions of law. In denying the motions for the specific remedies sought in the complaint (which, under the law of the case, stated a claim thereto), the trial court apparently applied the same erroneous theory of law as has the majority of this court. Therefore, I would reverse the judgment denying these motions and remand the case to the trial court with direction that the hearing on the mandamus nisi and other relief requested, plus

all further proceedings in the case, be conducted pursuant to the legal theories set out hereinabove. I agree with the result only of the majority's ruling as to declaratory judgment, because the other relief is sufficient.