47231. BAILEY et al. v. DOBBS et al.

HALL, Presiding Judge. In an action for tortious interference with an employment relationship, the plaintiffs appeal from the dismissal of all other parties except four individual defendants, from the grant of summary judgment for the four individual defendants, and from the denial of their motion for summary judgment.

For an initial statement of the facts of this case, see *Bailey v. Dobbs,* 227 Ga. 838 (183 SE2d 461). Following the Supreme Court decision, the plaintiffs amended their petition to allege that the four councilmen who had voted for the resolution to discharge the plaintiffs had, as individuals, tortiously interfered with their employment relationship with the city. The trial court entered an order (based on the Supreme Court decision) dismissing all the defendants in the original action except for the four individuals; then it granted summary judgment to them and denied it to the plaintiffs.

1. The court did not err in dismissing the other defendants. Following the Supreme Court decision, the only reason for the mayor and city council to remain in the case was for an impeachment of councilmen requested in one count. However, the superior court does not have jurisdiction per se over the impeachment of city councilmen. The city charter places this power in the council. Absent

a showing that a quorum cannot be had, the court has no jurisdiction of the subject matter.

2. Plaintiffs contend that there is still an issue concerning the effect of the action taken by the four councilmen. They contend there is undisputed evidence that the manager was influenced or induced to fire them by the unlawful resolution, even though he may not have been coerced; that this showing is all that is necessary under their new theory in the amended complaint; and that they were entitled to summary judgment. Of course, they also contend that there are, at least, material issues of fact on this question so that summary judgment for the defendants was error.

However, the Supreme Court, having the identical evidence before it on the previous appeal, held: "The record shows that on July 6, 1970, a resolution of the city council was passed directing the city manager to discharge the appellants as city employees and that it was passed pursuant to a previous suggestion of the city manager requesting a resolution on the subject. The city manager by affidavits showed that the employees were discharged in the exercise of his discretion, in the best interest of the city and the police department, and that he was not coerced. The fact that the city council recommended the discharge of these employees would in no way alter the fact that the city manager by affidavit showed that their discharge was an exercise of his discretion and was not the result of coercion." *Bailey v. Dobbs*, supra, Hn. 1.

We believe the law of the case has foreclosed the issue. Whether or not the resolution was an unlawful act, the Supreme Court, by holding that the manager exercised his discretion, has said that the resolution did not coerce, influence or induce his act of discharging the plaintiffs. The action of the defendants therefore cannot be the proximate cause of the dismissals. Without proximate cause, there can be no liability in tort.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED JUNE 5, 1972—DECIDED JUNE 21, 1972.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellants.

*Campbell & Campbell, W. K. Campbell,* for appellees.